**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Sherry Mobley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  17 C 6613 |
| | ) | |
| Financial Credit Service, Inc., an Illinois | ) | |
| corporation, d/b/a ARA, Inc., | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Sherry Mobley, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28

U.S.C. § 1331.

2.     Venue is proper in this District: a) parts of the acts and transactions

occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Sherry Mobley ("Mobley"), is a citizen of the State of Alabama,

from whom Defendant attempted to collect a delinquent consumer debt that she

allegedly owed for an auto loan.

4.     Defendant, Financial Credit Service, Inc., d/b/a ARA, Inc. ("FCS"), is an

Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect,

delinquent consumer debts. From its offices in Illinois, FCS operates a delinquent debt collection business, and attempts to collect debts, that it did not originate, from consumers in many states. In fact, Defendant FCS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant FCS is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through telephone calls and letters. Defendant FCS' principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

6.     Defendant FCS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant FCS conducts business in Illinois.

7.     Moreover, Defendant FCS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant FCS acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8.     In 1985, Ms. Mobley leased a Ford Thunderbird car, but because the car had multiple mechanical problems, she returned the car to the dealership as a lemon. Ms. Mobley did not hear from anyone regarding the defective vehicle until Defendant FCS began calling her numerous times beginning in July 2017, demanding payment of a debt, allegedly owed to KeyBank, related to the defective car.

9.     On July 17, 2017, Defendant's debt collector, "Denise", called Ms. Mobley and demanded that she pay Defendant $14,482 by August 1, 2017. Ms. Mobley informed Defendant's debt collector that she did not have that kind of money. The

2

Defendant's debt collector then claimed that she knew all about Ms. Mobley's circumstances, including what kind of car she drove, and that she was a widow, because Defendant had been investigating her.  Defendant FCS's debt collector stated that Defendant would bring a lawsuit against Ms. Mobley and get a judgment against her if she did not pay.

10.     Defendant's threats/claims to Ms. Mobley greatly alarmed her, upset her and caused her to be sick to her stomach.

11.     Thereafter, Defendant FCS sent Ms. Mobley a initial collection letter, dated July 19, 2017, demanding payment of the alleged KeyBank debt.  Moreover, the letter stated that Defendant's name was "ARA, Inc.", which is not a lawful name for the Defendant.  A copy of this letter is attached as Exhibit <u>C</u>.

12.     The statute of limitations for the lawful collection of this alleged 32-year-old debt had long ago expired under any applicable statute of limitations.

13.     Defendant's collection actions constitute material violations of the FDCPA because it failed to disclose that the debt was time-barred.  This lack of disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause her to believe Defendant could continue to demand payment.

14.     Moreover, the identity of a debt collector's true name is a critical piece of information, and the false identification of the debt collector in a dunning letter would be likely to mislead a consumer in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, <u>see</u>, <u>Tourgeman v. Collins Financial Services</u>, 755 F.3f 1109, 1121 (9th Cir. 2014).

3

15.     Additionally, threats of a lawsuit, and demands for payment within the 30-day statutory validation period, are material because it is the kind of information that would drive a consumer's decision making process about what to about a debt, including whether the debt should be paid to avoid a lawsuit, or whether a dispute should be made, see, Lox v. CDA, 689 F.3d , 818, 826-827 (7th Cir. 2012).

16.     Defendant's collection actions complained of herein (Exhibit C) occurred within one year of the date of this Complaint.

17.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, see, 15 U.S.C. § 1692e, including, but not limited to, the false representation of the character, amount or legal status of any debt, the threat to take any action that cannot legally be taken, the use of any business, company, or organization name other than the true name of the debt collector, see, 15 U.S.C. § 1692e(2)(A), § 1692e(5) and § 1692e(14).

20.     By calling Plaintiff and sending the collection letter (Exhibit C), to attempt to collect a debt that was long time-barred, and by threatening litigation, Defendant violated § 1692e, 1692e(2)(A), § 1692e(5) of the FDCPA, see, Phillips v. Asset

Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014). Moreover, by sending a letter in the name of "ARA, Inc." which is not the true name of Defendant, Defendant FCS violated § 1692e(14) of the FDCPA.

21.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24.     Defendant, by attempting to collect a long time-barred debt, threatening litigation to collect the debt, telling Plaintiff that it had been "investigating her and knew what kind of car she drove and that she was a widow, and sending a collection letter under the name of "ARA, Inc.", used unfair or unconscionable means to attempt to collect a debt, in violation of § 1692f of the FDCPA.

25.     Defendant's violations of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692g Of The FDCPA–**
**Overshadowing the 30-Day Validation Notice**

26.    Plaintiff adopts and realleges ¶¶ 1-17.

27.    Section 1692g of the FDCPA requires that, within 5 days of Defendant's

first communication to a consumer, the Defendant provide the consumer with an

effective validation notice, i.e., notice that the consumer has 30 days after receipt of the

notice to challenge the validity of the debt, or any portion of the debt, and seek

verification of it, see, 15 U.S.C. § 1692g(b).  Moreover, § 1692g(b) of the FDCPA

prohibits any collection activities and communications from overshadowing, or being

inconsistent with the disclosure of the consumer's right to dispute the debt, see, 15

U.S.C. § 1692g(b).

28.    Although Defendant's July 19, 2017 collection letter contained the

statutorily-required validation notice, its collector's demand, during the July 17, 2017

telephone call, for payment of the debt by August 1, 2017, or well before the expiration

of the validation period, overshadowed, and thus rendered ineffective, the statutorily-

required validation notice, in violation of § 1692g(b) of the FDCPA.

29.    Defendant's violation of § 1692g of the FDCPA renders it liable for actual

and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692d Of The FDCPA–**
**Harassment and Abuse**

30.    Plaintiff adopts and realleges ¶¶ 1-17.

31.    Section 1692d of the FDCPA, prohibits a debt collector from engaging in

any conduct, the natural conduct of which is to harass, oppress, or abuse any person in

6

connection with the collection of any debt, <u>see</u>, 15 U.S.C. § 1692d.

32.     Defendant, by attempting to collect a time-barred, 32-year-old debt and threatening litigation to do so, by telling Plaintiff that it had been "investigating" her and knew what kind of car she drove and that she was a widow, and by sending a collection letter under the name of "ARA, Inc.", engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in violation of § 1692d of the FDCPA.

33.     Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sherry Mobley, prays that this Court:

1.      Find that Defendant's collection practices violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Mobley, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sherry Mobley, demands trial by jury.

Sherry Mobley,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  September 13, 2017

7

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Ronald C. Sykstus   (Ill. Bar No. 06197436)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com